# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DERRICK KEATON,

        Petitioner,

v.

SHAWN BREWER,

        Respondent.

Case No. 16-14186
Hon. Terrence G. Berg

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL (Dkt. 10), AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Derrick Keaton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner is in the custody of the Michigan Department of Corrections pursuant to convictions for first-degree felony murder, breaking and entering with intent to commit larceny, and felony firearm. *Id.* at PageID.1. He raises three claims for relief. Respondent moves for dismissal on the ground that the petition is untimely. Dkt. 10. For the reasons stated below, the Court grants Respondent's motion, dismisses the petition with prejudice, and denies a certificate of appealability.

**I.    Background**

Petitioner was convicted by a Wayne County jury of felony murder, MICH. COMP. LAWS § 750.316, breaking and entering an

occupied dwelling, MICH. COMP. LAWS § 750.110, and felony firearm, MICH. COMP. LAWS § 750.227b. On March 30, 1993, he was sentenced to life imprisonment for the felony-murder conviction, five to fifteen years for the breaking and entering conviction, and two years for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals found the breaking and entering conviction violated due process because it served as the predicate offense for felony-murder. That court vacated the breaking and entering conviction but affirmed Petitioner's other convictions. *People v Keaton*, No. 164904 (Mich. Ct. App. Sept. 22, 1995). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Keaton*, No. 104706, 452 Mich. 864 (Mich. June 28, 1996).

On December 6, 2013, Petitioner filed a motion for relief from judgment in the trial court. He raised two claims: (i) newly-discovered evidence from a prosecution witness recanting his trial testimony made a different result probable on retrial; and (ii) the jury was given an improper verdict form. The trial court denied the motion. *See* 5/7/14 Opinion, Dkt. 11-5, PageID.228. The Michigan Court of Appeals denied leave to appeal. *People v. Keaton*, No. 324526 (Mich. Ct. App. Dec. 29, 2014). The Michigan Supreme

Court also denied leave to appeal. *People v. Keaton*, No. 151064, 498 Mich. 919 (Mich. Nov. 24, 2015).

Petitioner filed the pending habeas petition on November 23, 2016.

**II.  Discussion**

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007). A properly filed application for state post-conviction relief, tolls the limitation period, but does not refresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

3

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on June 28, 1996. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. His conviction became final on September 27, 1996, when the time period for seeking certiorari expired. *Bronaugh*, 235 F.3d at 283 (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period. *Id.* at 285. Accordingly, the limitations period commenced on September 27, 1996, and continued to run uninterrupted until it expired one year later.

Petitioner's motion for relief from judgment did not toll the limitations period. The motion for relief from judgment was filed on December 6, 2013, approximately sixteen years after the limitations period already expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

The one-year limitations period 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling where

4

a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner does not assert a basis for equitable tolling and the Court sees none. His years-long delay in filing a habeas corpus petition contradicts a finding that he pursued his rights diligently.  Petitioner also fails to allege or demonstrate that some extraordinary circumstance prevented the timely filing of a habeas petition.

Finally, Petitioner does not allege any basis for a finding that the statute of limitations should be excused because he is actually innocent.

Petitioner filed his habeas corpus petition sixteen years after his convictions became final. The Court finds no basis for equitable tolling of the limitations period and Petitioner makes no tenable claim of actual innocence.

### III. Conclusion

Accordingly,

IT IS ORDERED that Respondent's Motion for Dismissal of Petition for Writ of Habeas Corpus (Dkt. 10) is **GRANTED**.

IT IS FURTHER ORDERED that the habeas corpus petition (Dkt. 1) is **DISMISSED WITH PREJUDICE** as untimely.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS FURTHER ORDERED that Petitioner may proceed *in forma pauperis* on appeal because an appeal may be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

/s/Terrence G. Berg
**TERRENCE G. BERG**
**UNITED STATES DISTRICT JUDGE**
**Dated: March 19, 2019**

**Certificate of Service**

I hereby certify that this Order was electronically submitted on March 19, 2019, using the CM/ECF system, which will send notification to all parties, and unrepresented parties were served via postal mail.

s/A. Chubb
Case Manager